FILED

2008 Mar-05  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **THOMAS H. CLIFT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:07-CV-0049-RDP** |
| | } | |
| **MICHAEL J. ASTRUE,** | } | |
| **COMMISSIONER OF SOCIAL** | } | |
| **SECURITY,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OF DECISION

Plaintiff Thomas H. Clift brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and Section 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act and his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.

## I.  Proceedings Below

Plaintiff filed his application for a period of disability and disability insurance benefits and SSI benefits on September 18, 2003. (Tr. 48-50, 258-64.) His applications were denied. (Tr. 29-33, 267-71). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") in May 2005. (Tr. 272-301.) In his October 26, 2005 decision, the ALJ determined that Plaintiff was not eligible for a period of disability, disability insurance benefits, or SSI benefits because he was not disabled and he retained the residual functional capacity to perform medium work with restrictions. (Tr. 26.) After the Appeals Council denied Plaintiff's request for review of

the ALJ's decision (Tr. 4-6), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

At the time of the hearing in question, Plaintiff was 55 years old with a seventh grade education. (Tr. 19.) Plaintiff had previously worked as a truck driver. (Tr. 19.) Plaintiff alleges that he suffers from high blood pressure, acid reflux, and severe pain resulting from a ruptured disc and subsequent surgery. (Tr. 19.) According to Plaintiff, due to these problems he has been unable to engage in substantial gainful activity since August 2003. (Tr. 16.)

## II.  ALJ Decision

Determination of disability under the Social Security Act requires a five step analysis. *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  The claimant's residual functional capacity is what the claimant can do despite his impairment.  Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work.  In making this final determination, the Commissioner will use the Medical-Vocational guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix.  If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since August 21, 2003. (Tr. 16, 25.) Plaintiff met the nondisability requirements of the Social Security Act. (Tr. 25.) Based upon the medical evidence presented, the ALJ concluded that Plaintiff has the "severe" impairments of lumbar degenerative disc disease, status post lumbar laminectomy at level L5-S1, gastroesophogeal reflux disease, and hypertension. (Tr. 25.) Nonetheless, the ALJ determined that Plaintiff's impairments neither meet nor equal the requirements for any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4. (Tr. 25.)

According to the ALJ, Plaintiff's subjective complaints concerning his impairments and their impact on his ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record and Plaintiff's own statements about his activities. (Tr. 25.) After consideration of all the medical evidence, including Plaintiff's subjective complaints, the ALJ found that Plaintiff retains the residual functional capacity to perform medium work with the following limitations: he is capable of occasional bending, stooping, squatting, climbing and crawling with occasional push/pull movements with the right lower extremity. (Tr. 25.) Although the ALJ found that Plaintiff is unable to perform his past relevant work, there are nonetheless a significant number of jobs in the national economy which Plaintiff could perform, all of which allow

3

Plaintiff to work with the above-mentioned limitations.  (Tr. 26.)  Thus, the ALJ ruled that Plaintiff is not disabled as that term is defined in the Social Security Act and that Plaintiff therefore is not entitled to a period of benefits.  (Tr. 26.)

### III.  Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration.  (*See* Pl.'s Mem. 9.)  Plaintiff argues that for the following reasons, the ALJ's decision is not supported by substantial evidence and improper legal standards were applied: (1) the ALJ did not properly consider Plaintiff's longitudinal history of complaints and pain; (2) the ALJ's RFC findings are inconsistent and irrational because they do not account for Plaintiff's degree of pain and his age; and (3) the ALJ improperly relied upon the inconsistent opinion of Dr. Rivard.  (*See* Pl.'s Mem. 7-9.)

### IV.  Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,  *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence.  *See id.* (citing *Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701. For the reasons set forth below, the ALJ's decision denying Plaintiff benefits is due to be affirmed.

## V.  Discussion

### A.  The ALJ Properly Considered Plaintiff's History.

Plaintiff alleges that the ALJ failed to account for his longitudinal history of back and leg pain. (Pl.'s Mem. 7.) However, Defendant argues that the ALJ considered Plaintiff's history and the evaluations of several doctors throughout 2003 and 2004. (Tr. 22.) The court agrees with Defendant. The ALJ found that "the documentary record does not confirm the degree of disabling symptoms asserted, and the claimant's alleged inability to perform all substantial gainful activities is simply not corroborated by substantial evidence on the record considered as a whole." (Tr. 22.) The ALJ did not fail to consider Plaintiff's history of pain complaints. He specifically included those complaints in his analysis, finding them to lack credibility.

This court reviews an ALJ's findings to see if they are supported by substantial evidence. The findings need not delineate each opinion perfectly as long as the findings are specific enough to show the grounds upon which they are based. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)

(stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision. . . is not a broad rejection which is not enough to enable the district court. . . to conclude that the ALJ considered [the plaintiff's] medical condition as a whole") (quotations and citations omitted).  Though the ALJ did not specifically mention Plaintiff's "longitudinal history" of complaining about back and leg pain, he did base his decision upon the decisions of several treating doctors' objective observations of Plaintiff's condition.[1]  He noted those doctors found that Plaintiff generally had normal range of motion, no impairment to his gait or coordination, no tender points, and that Dr. Rivard had opined that Plaintiff "evidenced *symptom magnification*." (Tr. 22-23) (emphasis in original).  Because the ALJ analyzed the opinions of the doctors who assessed Plaintiff's long-running complaints of back pain, it is readily apparent to this court that the ALJ did not ignore Plaintiff's history.

Furthermore, the ALJ noted that Plaintiff's description of his daily activities was inconsistent with his allegations about his limitations, confirming Dr. Rivard's opinion that Plaintiff exaggerated his claims of disability.  (Tr. 23.)  This objective medical and testimonial evidence provided the ALJ with reason to reject Plaintiff's subjective pain complaints under the three-part pain analysis.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (explaining that objective medical evidence must either confirm the claimant's allegations of pain or diagnose a condition that could reasonably give rise to the pain alleged).  The ALJ found that Plaintiff's subjective complaints "are not totally credible" because of the medical testimony that contradicted those complaints, and therefore did not

---

[1]The ALJ specifically relied upon the following three doctors examinations of Plaintiff: (1) Dr. Rommel Go's January 2004 examination (Tr. 202-07); (2) Dr. Martin Jones's March 2005 examination (Tr. 217) and; (3) Dr. Roland Rivard's April 2005 examination (Tr. 222-40).  Dr. Jones was Plaintiff's treating surgeon.  (Tr. 146-47.)

find them persuasive.  (Tr. 25.)  Although Plaintiff's persistent complaints about back pain are evidence of disability, the complaints do not conclusively establish the existence of a disability in the face of substantial evidence to the contrary.  This court finds the evidence considered by the ALJ is sufficient to justify the ALJ's findings under the standard of review applied by this court.  The ALJ had substantial evidence to discount Plaintiff's subjective allegations of pain.

**B.     The ALJ's Residual Functional Capacity Findings Properly Account for Plaintiff's Age and Pain**

Plaintiff argues that the ALJ's residual functional capacity findings are irrational and internally inconsistent.  (Pl.'s Mem. 8.)  Specifically, Plaintiff asserts that his testimony and the medical evidence together show that he is not capable of medium work.  (Pl.'s Mem. 8.)  The court disagrees.  The ALJ relied upon the testimony of a vocational expert, Norma Stricklin.  (Tr. 24.)  The testimony of a vocational expert is commonly used at administrative hearings and was appropriately considered in this case.  *See* 20 C.F.R. §§ 404.1566(e); 416:966(e) (2006).  Ms. Stricklin opined that Plaintiff could engage in various jobs, including work as a checker, examiner, machine operator, and assembler.  (Tr. 298.)  In total, Ms. Stricklin estimated that there were about 12,000 jobs in Alabama that Plaintiff could perform at the medium, light, and sedentary levels of exertion.  (Tr. 298.)  Ms. Stricklin's testimony constitutes substantial evidence to support the findings of the ALJ.

Beyond the testimony of the vocational expert, the ALJ made an independent determination of the level of disability caused by Plaintiff's medical conditions.  He determined that the preponderance of the evidence showed that Plaintiff court perform medium work.  (Tr. 23.)  This finding is supported by the records of Plaintiff's treating physicians.  After Plaintiff's back surgery, multiple MRI's showed no recurrent herniation at the L5-S1 level and no definite evidence of nerve

root impingement. (Tr. 199, 219). Dr. Rivard's examination of Plaintiff found that he was capable of lifting 20 pounds regularly and had the general capability to perform light and medium work. (Tr. 224-25.) Because he relied on these medical opinions and the opinion of the vocational expert, the ALJ had substantial evidence for finding that Plaintiff had sufficient residual functional capacity to work at a significant number of jobs.

Plaintiff contends that the ALJ's findings are inconsistent with his age and pain level. Plaintiff correctly points out that the ALJ made findings that are inconsistent with Plaintiff's testimony about his level of disability, but here the ALJ had substantial evidence for discounting Plaintiff's testimony. As discussed above, the ALJ found Plaintiff's claims of pain to be exaggerated and unsupported by objective medical evidence. (Tr. 25.) Because the ALJ had substantial evidence for finding both that Plaintiff had residual functioning capacity sufficient to allow him find work in numerous jobs and that Plaintiff's subjective statements about his pain were not credible, the ALJ's decision as to Plaintiff's residual functioning capacity is due to be affirmed.

## C.    The ALJ Did Not Assign Improper Weight to the Testimony of Dr. Rivard

Plaintiff argues that inconsistencies in the testimony of Dr. Rivard should have led the ALJ to disregard Dr. Rivard's testimony. (Pl.'s Mem. 8-9.) Specifically, Plaintiff points out that Dr. Rivard's finding that Plaintiff can lift 50 pounds and perform medium work is inconsistent with a diagnosis of tenderness from L2 down, muscle spasms in the right paravertabral area, and bulging in the paravertabral muscles. (Pl.'s Mem. 8-9.) Dr. Rivard, however, specifically discounted some of the symptoms Plaintiff advances as "a positive Waddell's sign." (Tr. 229.) He explains that three or more positive Waddell's signs are indicative symptom magnification. (Tr. 230.) Dr. Rivard identified two other positive Waddell's signs, and therefore found that "there is indication of

8

symptom magnification due to the Waddell's signs." (Tr. 230.)  Therefore, Dr. Rivard specifically explained the inconsistency that Plaintiff alleges, forming his opinion in light of apparent pain magnification.  Dr. Rivard's medical opinion that Plaintiff can perform work at the levels described in his report (Tr. 224-25) has legal significance in two areas.  First, it provides evidence for the degree of Plaintiff's residual functioning capacity.  Second, it goes to show that Plaintiff's subjective statements about pain lack credibility.

The ALJ interpreted Dr. Rivard's opinion to be that the presence of three Waddell's signs meant that Plaintiff exaggerated the pain he felt in the affected region.  (Tr. 22-23.)  In light of the record evidence suggesting Plaintiff's pain magnification, the ALJ's finding is consistent with the whole of Dr. Rivard's testimony.  The court finds that there are no defects with Dr. Rivard's testimony and that the ALJ did not err in relying on it in making his determination about Plaintiff's residual functioning capacity.

Furthermore, as to Plaintiff's credibility, the ALJ found that Dr. Rivard's diagnosis confirmed the inconsistency between Plaintiff's activities and his allegations of disability.  (Tr. 23.)  The ALJ noted that Plaintiff's activities, involving "taking care of his own personal needs, helping with household chores, reading the Bible, watching television, attending church, and driving," do not square with Plaintiff's purported ailments.  (Tr. 23, 285-89.)  Dr. Rivard's testimony and the ALJ's conclusions based on Plaintiff's testimony are mutually supporting and confirming.  The question is not whether this court would specifically make the same finding as the ALJ's, *i.e.*, that Plaintiff exaggerated his symptoms.  Rather, the question is whether the ALJ's conclusion rests upon substantial evidence.  The court concludes it does, and, therefore, is due to be affirmed.

## VI.  Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination.  The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with the memorandum of decision will be entered.

DONE and ORDERED this ____5th____ day of March, 2008.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE